[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-14814
Non-Argument Calendar
_____

D.C. Docket No. 4:17-cr-10009-JLK-4

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ONEIL ANTHONY HARRIS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(April 20, 2018)

Before MARCUS, ROSENBAUM, and JULIE CARNES, Circuit Judges.

PER CURIAM:

Defendant Oneil Harris appeals his 24-month sentence, imposed after he pled guilty to illegal reentry after deportation. On appeal, he argues that the district court's upward variance from the guideline range constituted an abuse of discretion. After careful review, we affirm.

I.    **BACKGROUND**

In March 2017, United States Customs and Border Protection officers located a disabled vessel approximately two nautical miles from Tavernier, Florida. The officers boarded the vessel and discovered 11 passengers below deck, none of whom had legal status in the United States or permission to enter the United States. Defendant, a citizen and national of Jamaica, was one of the passengers below deck. A subsequent investigation revealed that Defendant was ordered removed from the United States in December 2012. However, he was not physically removed from the United States until September 2016, following a conviction and imprisonment sentence in Illinois for possession with intent to deliver cannabis.

Defendant was charged with illegal reentry after having been previously deported for an aggravated felony, in violation of 8 U.S.C. § 1326(a), (b)(2). He later pled guilty without the benefit of a plea agreement.

Applying the 2016 Guidelines, the Presentence Investigation Report assigned Defendant a base offense level of 8 pursuant to U.S.S.G. § 2L1.2(a).

2

Defendant received a two-level reduction for acceptance of responsibility, resulting in a total offense level of 6.  He received three criminal history points for a June 2013 conviction in Illinois for possession with intent to deliver cannabis, for which he received an eight-year sentence.  The PSR noted that Defendant was arrested in 2002 but failed to appear and was not convicted until 2013.  Defendant also received two additional criminal history points because the present offense was committed while he was on parole for the 2013 drug offense, resulting in a criminal history category of III.  Based on a total offense level of 6 and a criminal history category of III, Defendant's guideline range was 2 to 8 months' imprisonment.

Prior to the sentencing hearing, the Government filed a motion for an upward variance.  Specifically, the Government argued that the 2016 Guidelines provide for a 10-level enhancement under U.S.S.G. 2L1.2(b)(2)(A) if a defendant sustained a conviction for a felony offense and received a sentence of five years or more before the defendant was ordered removed from the United States for the first time.  Because Defendant was not convicted of the felony drug offense until after he was ordered removed in 2012, the Government acknowledged that the enhancement did not apply.  The Government nevertheless argued that the district court should vary upward as though the enhancement did apply because

3

Defendant's conduct warranted an increased sentence pursuant to 8 U.S.C. § 1326(b)(2) and the 18 U.S.C. § 3553(a) factors.

At the sentencing hearing, the Government presented testimony from United States Customs and Border Protection Officer Narcisco Fernandez. Officer Fernandez testified about Defendant's June 2013 drug conviction in Illinois and his immigration history. Specifically, Officer Fernandez explained that an expedited order of removal was entered against Defendant in December 2012 after he was apprehended while trying to enter the United States in Dania, Florida. Defendant was not immediately removed at that time because he was extradited to Illinois to face the drug charges stemming from his arrest in 2002. Following Officer Fernandez's testimony, the district court calculated a guideline range of 2 to 8 months' imprisonment.

The Government reiterated that § 2L1.2(b)(2)(A)—which provides for a 10-level enhancement if the defendant was convicted of a felony offense and received a sentence of five years or more before he was ordered removed from the United States—conflicts with § 1326(b)(2), which requires only that a defendant is physically removed from the United States subsequent to a conviction for an aggravated felony. The Government asserted that an upward variance was warranted to punish Defendant for his actions, which involved committing a serious crime, being deported, and then coming back to the United States.

4

Although the Government clarified that it was not asking for the court to apply the enhancement, it asserted that if the enhancement had applied, Defendant's guideline range would have been 24 to 30 months' imprisonment.

Defendant asserted that the court should deny the Government's motion for an upward variance because he did not qualify for the 10-level enhancement under the 2016 version of the Guidelines due to the fact that he was ordered removed *before* he was convicted of the felony drug offense.

The court granted the Government's motion for an upward variance, concluding that Congress clearly intended to deter aliens who have a prior felony conviction from reentering the United States. The court stated that it would exercise its discretion to vary upward and sentence Defendant within the range that would have been applicable if the 10-level enhancement under the 2016 Guidelines had applied:  24 to 30 months' imprisonment. After considering the 18 U.S.C. § 3553(a) factors, the court sentenced Defendant to 24 months' imprisonment. Defendant objected to the procedural and substantive reasonableness of the upward variance and this appeal followed.

## II.    DISCUSSION

Using a two-step process, we review the reasonableness of a sentence imposed by the district court for an abuse of discretion. *United States v. Cubero*, 754 F.3d 888, 892 (11th Cir. 2014).  We first look to whether the district court

5

committed any significant procedural error, such as miscalculating the advisory guideline range, treating the Sentencing Guidelines as mandatory, failing to consider the § 3553(a) factors,[1] selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence. *Id.* Then we examine whether the sentence is substantively reasonable in light of the totality of the circumstances. *Id.* The party challenging the sentence bears the burden of showing that it is unreasonable. *United States v. Pugh*, 515 F.3d 1179, 1189 (11th Cir. 2008).

"A district court making an upward variance must have a justification compelling enough to support the degree of the variance and complete enough to allow meaningful appellate review, and this Court will vacate such sentence only if left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence outside the range of reasonable sentences dictated by the facts of the case." *United States v. Dougherty*, 754 F.3d 1353, 1362 (11th Cir. 2014) (brackets and quotations omitted). We "may not presume that a sentence outside the guidelines is

---

[1] The § 3553(a) factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need for deterrence; (4) the need to protect the public; (5) the need to provide the defendant with needed education or vocational training or medical care; (6) the kinds of sentences available; (7) the Sentencing Guidelines range; (8) pertinent policy statements of the Sentencing Commission; (9) the need to avoid unwarranted sentencing disparities; and (10) the need to provide restitution to victims. 18 U.S.C. § 3553(a).

unreasonable and must give due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance." *United States v. Irey*, 612 F.3d 1160, 1187 (11th Cir. 2010) (quotations omitted).

Defendant argues that the district court abused its discretion by imposing a 24-month sentence, which reflected a 16-month upward variance from the top of the guideline range of 2 to 8 months' imprisonment. We disagree. Although the upward variance was significant, it is still well below the 20-year statutory maximum sentence. *See* 8 U.S.C. § 1326(b)(2); *see also United States v. Gonzalez*, 550 F.3d 1319, 1324 (11th Cir. 2008) (explaining that a sentence well below the statutory maximum is an indicator of reasonableness).

Moreover, when imposing the 24-month sentence, the district court emphasized Congress's intent in deterring individuals like Defendant, who reenter the United States after being convicted of a serious crime. *See United States v. Zelaya*, 293 F.3d 1294, 1298 (11th Cir. 2002) ("Section 1326(b)(2) mandates a harsher punishment for an alien who, having been deported subsequent to committing an aggravated felony, illegally re-enters the United States." (quotations omitted)). Indeed, Defendant was removed in September 2016 following the completion of his eight-year sentence in Illinois for possession with intent to deliver cannabis. Less than one year later, Defendant illegally reentered the United States in March 2017. The district court considered Defendant's argument that his

7

motivation for returning to the United States was to see his wife and children but nevertheless concluded that an upward variance was justified by the § 3553(a) factors, including Defendant's history and characteristics, the need for deterrence, and the need to promote respect for the law.

Defendant asserts that the district court abused its discretion by deciding to vary upward based on an enhancement that does not apply to him. According to Defendant, § 2L1.2(b) was amended in 2016 to expressly prevent the sentencing enhancement from applying to defendants like him. The 2016 version of § 2L1.2(b) provides in relevant part for a 10-level enhancement if the defendant sustained a conviction for a felony offense for which the sentence imposed was more than five years "before the defendant was ordered deported or ordered removed from the United States for the first time." U.S.S.G. § 2L1.2(b)(2) (2016) (emphasis added). It is undisputed that because Defendant's June 2013 conviction for possession with intent to deliver cannabis did not occur until after he was issued an expedited order of removal in December 2012, he does not qualify for the 10-level enhancement under § 2L1.2(b)(2)(A).

And to be clear, the district court did not apply the 10-level enhancement pursuant to § 2L1.2(b)(2)(A) in the present case. The court, however, did conclude that the advisory guideline range of 2 to 8 months' imprisonment was insufficient to punish Defendant, an illegal alien who was deported and reentered the United

States after being convicted of a serious crime.  We cannot say that the district court abused its discretion by concluding that Defendant's conduct warranted a sentence above the guideline range.  *See United States v. Tome*, 611 F.3d 1371, 1379 (11th Cir. 2010) (explaining that a court is free to consider any information relevant to a defendant's background, character, and conduct when imposing an upward variance).

Notably, although Defendant was arrested on the Illinois drug offense in 2002, he was not convicted until 2013.  Indeed, he absconded for nearly a decade before he was apprehended by Customs and Border Protection officers while attempting to illegally enter the United States in 2012.  Thus, it was through his own conduct that Defendant was able to delay the timing of his conviction.  Had Defendant not fled, he presumably would have been convicted on the Illinois drug charge <u>before</u> the order of removal had issued.  In other words, his criminal conduct clearly occurred before issuance of that order.  Then, following both a drug conviction and his eventual removal in 2016, Defendant illegally reentered the United States in March 2017.

On these facts, the district court's decision to impose an upward variance comports with the purpose of the § 1326(b)(2), which is to provide more severe punishment for the "illegal entry by a deportee who has earlier committed a serious crime while in the United States." *Zelaya*, 293 F.3d at 1298.  Under these

9

circumstances, we are not left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the factors in this case. *See Dougherty*, 754 F.3d at 1362.

To the extent Defendant argues that district court improperly justified the upward variance with factors that were already contemplated by the Guidelines, his argument is without merit. We have stated that "a district court can rely on factors in imposing a variance that it had already considered in imposing an enhancement." *United States v. Rodriguez*, 628 F.3d 1258, 1264 (11th Cir. 2010).

Accordingly, Defendant's sentence is **AFFIRMED**.

10